UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

Devin Richardson,

        Plaintiff,

        v.                                                               Civil Action No. 1:15–cv–120

State of Vermont et al.,

        Defendants.

## REPORT AND RECOMMENDATION
(Doc. 31)

Plaintiff Devin Richardson, proceeding *pro se*, brings this action under 42 U.S.C. § 1983, alleging that his procedural and substantive due process rights under the Fourteenth Amendment were violated during the course of prison disciplinary proceedings and prolonged disciplinary segregation while he was in the custody of the Vermont Department of Corrections as a federal pretrial detainee. (*See* Doc. 11.) Plaintiff filed his initial Complaint (Doc. 4) on June 10, 2015, and filed an Amended Complaint (Doc. 11) on June 29, 2015.

On September 3, 2015, Defendants State of Vermont, Andrew Pallito, Greg Hale, and Matthew Brouillette filed a Motion to Dismiss (Doc. 21) pursuant to Federal Rule of Civil Procedure 12(b)(6). Defendants argued that (1) Plaintiff's claims for monetary damages were barred by the doctrine of sovereign immunity; (2) Plaintiff's claims against Defendants Pallito and Hale in their individual capacities failed to allege sufficient facts

to show their personal involvement in any allegedly unlawful action; (3) Plaintiff failed to state a deprivation of his due process rights based on his disciplinary segregation, and regardless, he received an adequate due process hearing; and (4) Defendants were entitled to qualified immunity.  (*Id*.)  The Court granted the Motion in part and denied it in part.  (Docs. 28, 30.)  Specifically, the Court dismissed Plaintiff's claims for money damages against Defendant State of Vermont and Defendants Pallito, Hale, and Brouillette in their official capacities; and Plaintiff's claims against Defendants Pallito and Hale in their personal capacities.  (Doc. 28 at 22; Doc. 30 at 1.)  The Court also dismissed *sua sponte* Plaintiff's municipal liability claims.  (Doc. 28 at 22; Doc. 30 at 2.)  However, the Court did not dismiss Plaintiff's procedural and substantive due process claims; and did not dismiss Plaintiff's claims against Defendants under the doctrine of qualified immunity.  (Doc. 28 at 22; Doc. 30 at 1–2.)

Now pending before the Court is Plaintiff's Motion for Summary Judgment (Doc. 31).  For the reasons set forth below, I recommend that the Motion be DENIED without prejudice because it is premature.

## Analysis

The Supreme Court has indicated that the purpose of summary judgment is to allow for disposition of a case, "after adequate time for discovery," *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986), when the moving party can show "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  "[T]he burden is upon the moving party to demonstrate

that no genuine issue respecting any material fact exists." *Gallo v. Prudential Residential Servs., Ltd. P'ship*, 22 F.3d 1219, 1223 (2d Cir. 1994).

Generally, summary judgment is a post-discovery device used "to avoid unnecessary trials." *Perma Research & Dev. Co. v. Singer Co.*, 410 F.2d 572, 578 (2d Cir. 1969).  This allows for the disposition of a case when there exists no genuine dispute as to the material facts, and thus the decision becomes a matter of law appropriate for judicial determination (without the need of a jury to find the relevant facts).  *See* Fed. R. Civ. P. 56(a).  For instance, Rule 56 states that "[u]nless a different time is set by local rule or the court orders otherwise, a party may file a motion for summary judgment at any time until 30 days after the close of all discovery."  Fed. R. Civ. P. 56(b); *see* L.R. 26(a)(4)(J).  More specifically, the Second Circuit has held "that summary judgment should only be granted if '*after discovery*, the nonmoving party has failed to make a sufficient showing on an essential element of [its] case with respect to which [it] has the burden of proof.'"  *Miller v. Wolpoff & Abramson, L.L.P.*, 321 F.3d 292, 303 (2d Cir. 2003) (alterations in original) (quoting *Hellstrom v. U.S. Dep't of Veterans Affairs*, 201 F. 3d 94, 97 (2d Cir. 2000)).[1]

Here, discovery has not yet begun, and Defendants have not "'had the opportunity to discover information that is essential to [their] opposition' to [Plaintiff's] motion."

---

[1] In addition, summary judgment standards require that parties provide proper support for their factual assertions.  *See* Fed. R. Civ. P. 56(c)–(e).  In cases involving *pro se* parties, courts must "make reasonable allowances to protect *pro se* litigants from inadvertent forfeiture of important rights because of their lack of legal training."  *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983).  Still, *pro se* parties, like represented parties, must comply with the applicable procedural rules.  *See id.*  Here, Plaintiff's Motion is deficient under Rule 56 in numerous respects.

*Sutera v. Schering Corp.*, 73 F.3d 13, 18 (2d Cir. 1995) (quoting *Trebor Sportswear Co. v. Limited Stores, Inc.*, 865 F.2d 506, 511 (2d Cir. 1989)).  Therefore, I conclude that Plaintiff's pending Motion for Summary Judgment (Doc. 31) is premature, and I recommend that it be DENIED without prejudice.  *See Sutera*, 73 F.3d at 18 (reversing grant of summary judgment because "[s]ummary judgment was entered before any discovery had taken place"); *Hellstrom*, 201 F.3d at 98 (vacating grant of summary judgment as premature because party "was prejudiced in his efforts to accumulate needed evidence because he was denied the opportunity to conduct discovery").

## <u>Conclusion</u>

For the above-mentioned reasons, I recommend that Plaintiff's Motion for Summary Judgment (Doc. 31) be DENIED without prejudice.

Dated at Burlington, in the District of Vermont, this 17th of March, 2016.

<u>/s/ John M. Conroy</u>
John M. Conroy
United States Magistrate Judge

Any party may object to this Report and Recommendation within 14 days after service thereof, by filing with the Clerk of the Court and serving on the Magistrate Judge and all parties, written objections which shall specifically identify those portions of the Report and Recommendation to which objection is made and the basis for such objections.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72(b)(2); L.R. 72(c).  Failure to timely file such objections "operates as a waiver of any further judicial review of the magistrate's decision."  *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989).